UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE HARRIS<br>6424 John Jackson Court<br>Fairfax Station, VA 22039<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>ANTHONY FOXX<br>Secretary of Transportation<br>U.S. Department of Transportation<br>1200 New Jersey Ave, SE<br>Washington, DC 20590<br><br>　　　Defendant. | Civil Action No: _____ |

## COMPLAINT
(Disability Discrimination and Retaliation)

### INTRODUCTION

1.　　Plaintiff, Bruce Harris, brings this action pursuant to the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701 *et seq.* to redress discrimination and retaliation against him by his managers at the United States Department of Transportation (DOT), Federal Motor Carrier Safety Administration (FMCSA).

### JURISDICTION

2.　　This Court has subject matter jurisdiction over this civil action pursuant to 29 U.S.C. § 1331 and 29 U.S.C. § 701 et seq.

### VENUE

3.　　Venue is proper in the United States District Court for the District of Columbia pursuant to 42 U.S.C. §§ 2000e-5(f)(3) and 28 U.S.C. § 1391(b) as the Defendant is located, has

pursuant to 42 U.S.C. §§ 2000e-5(f)(3) and 28 U.S.C. § 1391(b) as the Defendant is located, has offices, conducts business and maintains Plaintiff's employment records in the District of Columbia. In addition, at all times relevant, the Plaintiff was employed and worked for Defendant in the District of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff filed a timely EEO complaint regarding the matters raised in this lawsuit (DOT Complaint No. 2015-26203- FMCSA-02) and received a Final Agency Decision (FAD) regarding that complaint on December 11, 2015. This civil action is being timely filed within 90 days of receipt of the FAD. 42 U.S.C. § 2000e-16© (stating that federal employees must file a civil action within ninety days after "receipt of notice of final action"); *see also* 29 C.F.R. § 1614.407(a) (stating that a civil action must be filed within "90 days of receipt of the final action on an individual or class complaint if no appeal has been filed").

## PARTIES

5. Plaintiff Bruce Harris is a citizen of the United States and a resident of the Commonwealth of Virginia. Plaintiff is Deaf. During all times relevant to this action, Plaintiff has been employed by the Department of Transportation.

6. Defendant Anthony Foxx is the Secretary of the United States Department of Transportation. Mr. Foxx is named as defendant in this civil action in his official capacity as the head of the Department of Transportation and its component, the Federal Motor Carrier Safety Administration. As such, he has the authority and duty to correct the violations described in this complaint.

## STATEMENT OF FACTS

7. Plaintiff Bruce Harris has been deaf since the age of seven. He has a cochlear implant, his condition is permanent, and his auditory input, including speech and sound, is severely impaired. He was educated at Gallaudet University where he received a Bachelor of Science Degree in Accounting. He then received an MBA in Systems Management from DePaul University. He has completed all but 7 days of training toward certification in Federal Grants Management and all but 4 days for certification as a Government Financial Manager (GFM). He has a wide array of technical skills which include experience with Oracle, SQL, MS Project PowerPoint, Access I-Supplier, GrantSolutions, and Delphi. In addition, he has training in Federal Appropriations Law, Monitoring Grants and Cooperative Agreements Management Concepts, Inc., Financial Management/Controls, Audit Resolution and training as a Contracting Officer's Representative (COR).

8. Mr. Harris began his federal service with the Department of Education in March 2006 as a GS-13 Financial Management Specialist working with national vocational rehabilitation state grants. In July 2007, he transferred to a position as a GS-0501-13 Accountant also in the Department of Education. In April 2012, he was hired by the Department of Labor, Veterans' Employment and Training Services, as a Grant Program Specialist GS-12. He held that position until he was hired by the Department of Transportation.

9. In November 2012, Mr. Harris was hired by DOT under its Schedule A hiring authority as a GS-2101-13 Transportation Specialist and served as Program Officer and Grant Manager in the State Programs Division (SPD) of the Federal Motor Carrier Safety Administration (FMCSA). FMCSA is an Administration within DOT.

10. At the time he was hired by the Defendant, Plaintiff requested, and was provided reasonable accommodations to enable him to perform the duties. From November 2012 until January 2014, Mr. Harris worked for FMCSA as a GS-13 Program Officer and Grant Manager. He was responsible for managing nationwide grants to community colleges, grants to states for border enforcement, and also worked with the main grant to states related to enforcement of commercial traffic. He successfully performed these responsibilities by meeting with other team members, his supervisor, and others for training, support, and questions.

11. Mr. Harris is able to lip-read and speak. For meetings with one or two other persons, he often did not need an interpreter. For larger meetings, he arranged for interpreters through DOT's Disability Resource Center (DRC).

12. For phone calls, Mr. Harris used a video phone with the nationwide Video Relay Service (VRS) which is supported by the Federal Communications Commission (FCC). He could call others and others could call him. Mr. Harris utilized Voice Carry Over VRS Phone calls where the interpreter on the video screen would translate the spoken words of the other party and Mr. Harris would respond orally to the other party who could hear him. Mr. Harris successfully communicated to other team members, outside contacts, such as community colleges that had grants, by email and VRS interpreted telephone calls.

13. In the spring of 2014 Mr. Harris's FMCSA managers added a job requirement that he lead conference calls with 20 or more participants. The subject matter was complex and diverse and these calls were to be a principal mode of training. Even with interpreters, Mr. Harris could not do this because an interpreter could not effectively translate the many different speakers, who not only talked at a fast pace, but had worked on the subject matter for years and

often knew each other. The participants talked one right after the other, sometimes overlapping. This resulted in incomprehensible translations. In addition, due to the delay in translation, it was impossible for Mr. Harris to tell which of the participants in the conference was speaking or to both take notes to respond and to take the lead in these conversations.

14. Immediately after the first conference call in the spring of 2014, Plaintiff met with his supervisor, State Programs Division Chief, Brandon Poarch, to discuss the problem and possible accommodations to enable him to perform his duties. Possibilities included (1) allowing him to continue managing the community college grant program which required only small meetings and allowing him to manage the state highway grants as before – dealing one-on-one with team members, (2) conducting the large conferences via an email forum or some sort of written chat room or other written electronic media, or (3) having someone else conduct the conference and prepare minutes or a transcript of what was said. Mr. Harris was open to other ideas that would allow him to do his job. However, no such accommodations were provided. Instead, Plaintiff's duties were removed and he was left with little or no meaningful work.

15. On or around May 28, 2014, Plaintiff and Supervisor Poarch began discussing reassignment as a reasonable accommodation. As an employee with a disability, Plaintiff was eligible to be assigned to any vacant DOT position for which he was qualified and could perform the essential functions with or without, reasonable accommodation. The Agency's Human Resources Office evaluated Mr. Harris's background and determined that he was qualified for positions at either the GS-13 or GS-14 position in five categories: financial manager, financial administrator/supervisory, accountant/supervisory, auditor, or grants management specialist/supervisory. However, Defendant made no attempts to place Mr. Harris in these areas

and simply passed his resume around informally. Plaintiff himself found and informed Management of many positions for which he was qualified that were advertised on USAJobs, but Management refused to consider him for reassignment to these positions.

16. When no accommodation or reassignment was provided, in December 2014, Plaintiff initiated the DOT complaint process alleging that Management had removed his duties, had not followed proper procedures in the evaluation of his request for accommodation, and had failed to accommodate his disabilities.

17. In the fall of 2014, Plaintiff had very little work to do while he waited for a reassignment. He agreed to be considered for details that would enable him to use his skills. To that end, he interviewed with Darrel Cooper, who was then the Director of Acquisitions, and John Kuo, the Associate Administrator for Administration, in December 2014. They offered Plaintiff a 120-day detail to a position in the Acquisitions Office. Cooper and Kuo told Plaintiff that his training and experience was more than adequate and that he would be a good fit for the detail. Mr. Harris was sent to a one-week training course where he learned that it would take 4-6 years to gain sufficient experience for him to function at the GS-13 level in Acquisitions.

18. Several weeks later, Plaintiff was called into a surprise meeting with Supervisor Poarch and the HR Director, LaShon Adams, and given the choice of remaining in his current position, without accommodation, or moving to a permanent GS-0301 position in Acquisitions. They told him that while he could not qualify for a GS-1102 position at that time, that within one year they would give him the training and experience necessary to qualify as a GS-1102. Although Plaintiff knew that it would take him years to advance to the 13 level in the field of Acquisitions, Plaintiff was left with no other option. He therefore agreed, under protest, to the

reassignment, which became effective January 28, 2015. However, he has not received the promised training, and has not been assigned grade 12 work. Instead, he has been assigned duties that are more typically performed by a GS-8 level employee.

19. Plaintiff remains in the GS-0301 but cannot advance professionally because, as Defendant knows, it would take at least 5 years to gain the experience necessary to function at the GS-13 level in this area.

## CLAIMS

20. Defendant failed to provide reasonable accommodations for Mr. Harris's disability.

21. Defendant reassigned Mr. Harris to a position where his duties were not commensurate with his GS-13 grade and where he could not advance professionally based on his disability and in retaliation for his requests for reasonable accommodations for his disability.

## DAMAGES

22. As a result of the unlawful discrimination and retaliation described above, Mr. Harris's career has suffered and he continues to suffer pain and mental anguish, curtailment of career opportunities, personal and professional humiliation, and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against Defendant on all claims brought herein and provide him with the following relief:

    a.    award Plaintiff $300,000.00 compensatory damages against Defendant, plus interest thereon;

b. order Defendant to place Plaintiff in a position commensurate with his knowledge, skills and abilities, where he is fully employed and able to progress professionally with reasonable accommodation;

c. award Plaintiff the costs of bringing and maintaining this civil action and the investigation that preceded it, including reasonable attorneys' fees and costs;

d. award Plaintiff such other and further relief as the interests of justice may require; and

e. enjoin Defendant from discriminating or retaliating against Plaintiff in the future.

## JURY DEMAND

Plaintiff hereby requests a jury trial on all issues of fact and damages.

Respectfully submitted

*/s/ Ellen K. Renaud*
Ellen K. Renaud
D.C. Bar No. 479376
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W.
Suite 205
Washington, D.C. 20005
202-842-0300

Attorneys for Plaintiff